UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
2/12/2025
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
      DEPUTY CLERK

NICOLE LAWTONE-BOWLES,

            *Plaintiff,*

v.

LIBERTY UNIVERSITY, *et al.*,

            *Defendants.*

CASE NO. 6:24-cv-00048

MEMORANDUM OPINION & ORDER

JUDGE NORMAN K. MOON

    Defendants move to dismiss Plaintiff Nicole Lawtone-Bowles' Complaint attempting to state claims under various statutes for discrimination and retaliation based on disability, age, race, and gender. Plaintiff names as defendants Liberty University Online, *et. al.*, Liberty University School of Health Sciences, *et. al.*, Dr. Brendan Haynie, and Dr. Heidi DiFrancesca.[1] Plaintiff invokes the American with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights), and the "Student Educational Equity Act."[2] Dkt. 1 (Complaint) at 7. This is Plaintiff's third attempt in this Court to state similar claims based upon similar facts. *See Lawtone-Bowles v. Liberty University, et al.* No. 6:22-cv-57 (W.D. Va. 2022); *Lawtone-Bowles v. Liberty University et al.*, No. 6:24-cv-40 (W.D. Va. 2024). The Court grants Defendants' Motion to Dismiss for the following reasons.

---

[1] Defendants point out that the "Liberty" entities Plaintiff has named are not capable of being sued and that the proper party is Liberty University, Inc. The Court may allow a pro se plaintiff to amend a complaint that erroneously names the wrong party as a defendant but otherwise raises a colorable claim. However, this complaint does not raise a colorable claim and any amendment will not cure the deficiencies presented.

[2] The Student Education Equity Act does not appear to exist. Elsewhere in her pleadings, Plaintiff refers to the Every Student Succeeds Act ("ESSA"), so the Court interprets her claim to be based on this statute.

## Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the claims pled in a complaint." *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 211 (4th Cir. 2019). It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). In ruling on a motion to dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Id.* at 212.

To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Courts are required to liberally construe the complaints of pro se litigants liberally, this requirement does not excuse a pro se plaintiff from her obligation to state a plausible claim for relief and does not transform the Court into the pro se plaintiff's advocate. *Dibelardino v. Miyares*, 2024 U.S. Dist. LEXIS 64997, *1 (E.D. Va. 2024).

## Facts

In January 2022, Plaintiff enrolled in Liberty University's Health Sciences PhD program. *Dkt. 1 at 11 ¶ 6.* She requested accommodations for her Obsessive Compulsive Disorder ("OCD") diagnosis including extended deadlines, the use of assistive technology and virtual meetings with professors. *Id. ¶ 7.* Instructor Dr. Mallory Nicole Ball did not provide accommodations which Plaintiff alleges resulted in failing grades. *Id. ¶ 8.* Plaintiff "believe[s] that these denials were due to [her] disability, as well as [her] age, race, and gender." *Id.* Plaintiff

is a black woman over the age of 40 and allegedly observed "that younger, white male students were given more academic support and resources . . ." *Id.*

In March 2022, Plaintiff emailed various university departments expressing concern over outdated citation and grading standards. *Id.* ¶ 9. In response, she received a "disparaging email" from an Associate Professor and her academic performance was placed under "further scrutiny." *Id.* Plaintiff filed complaints with the U.S. Department of Education's Office for Civil Rights ("OCR") in May and July 2022 and in federal court in July 2022 regarding the University's failure to provide accommodations. *Id.* ¶10. Plaintiff alleges that Defendants Dr. Heidi DiFrancesca, Dean of the School of Health Services, and Dr. Brendan Haynie, Associate Dean of Online Programs, expelled her in June 2023, over a year after her first complaint, in retaliation for these filings. *Id.* ¶10. Plaintiff contends that due to the expulsion, she has suffered various harms. *Id.* ¶¶ *12, 15*.

## Discussion

I.    <u>Plaintiff fails to state a claim under 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights).</u>

42 U.S.C. § 1983 creates a private right of action against persons who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Courts have consistently held that private universities cannot be sued under § 1983. *See, e.g., Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1068 (7th Cir. 2003); *Blouin v. Loyola Univ.,* 506 F.2d 20, 21 (5th Cir. 1975); *Grafton v. Brooklyn Law Sch.,* 478 F.2d 1137, 1143 (2d Cir. 1973); *Moore v. Northeastern Univ.,* 2019 U.S. Dist. LEXIS 27495 (M.D.N.C. Feb. 21, 2019). To sue a private entity or an individual under § 1983, a plaintiff must show "a sufficiently close nexus

between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974); *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n,* 531 U.S. 288, 295 (2001).

Plaintiff has not alleged that any of the defendants acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Further, the Complaint is devoid of any allegations that would support a nexus between Defendants and the State. Plaintiff has failed to state a claim under § 1983.

II. <u>Plaintiff fails to state a claim under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973.</u>

Title III of the ADA and Section 504 of the Rehabilitation Act protect disabled persons from discrimination.[3] "To the extent possible, we construe the ADA and Rehabilitation Act to impose similar requirements. Thus, despite the different language these statutes employ, they require a plaintiff to demonstrate the same elements to establish liability." *Halpern v. Wake Forest Univ. Health Sciences*, 669 F.3d 454, 461 (4th Cir. 2012) (internal citations omitted); *see also Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.,* 31 F.4th 238 (4th Cir. 2022). In the context of a student excluded from an educational program, the plaintiff must establish that (1) she has a disability, (2) she is otherwise qualified to participate in the defendant's program, and (3) she was excluded from the program on the basis of her disability. *Id.* at 461-62.

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities . . ." 42 U.S.C. § 12102. Plaintiff alleges that she suffers from OCD. Dkt. 1 at 11 ¶ 6. However, her supporting exhibits speak only to physical disabilities. Dkt.

---

[3] Defendants concede that Title III is applicable to private universities, but question whether the University is subject to the exemption relating to religious organizations or entities controlled by religious organizations. Dkt. 23 at 6.

25 at 18, 19, 21. Regardless, the Complaint lacks any facts indicating that her OCD diagnosis limits one or more major life activities. In one of her two briefs filed in response to Defendants' Motion to Dismiss, she states that her OCD "limits her ability to perform major life activities such as learning and communicating." Dkt. 29 at 2 ¶ 4. This mere recitation of the definition of disability without supporting facts and contained in a brief rather than the Complaint is insufficient to support a finding that Plaintiff is disabled. *Iqbal*, 556 U.S. at 678.

Even if the Court assumes that Plaintiff is disabled, she has not alleged that she could have otherwise met Liberty's educational requirements. Although she alleges that Defendants' refusal to provide the requested accommodations led to her academic failure, she still must allege, with sufficient factual detail, that if provided the accommodations, she could meet the program requirements. This she has not done. Finally, the Complaint is devoid of facts that would support a connection between her expulsion from the program and her disability. Plaintiff has failed to state a claim under the ADA and the Rehabilitation Act.

    III.    <u>Plaintiff fails to state a claim of discrimination based on race or sex.</u>

Plaintiff has not pled any factual allegations that would support a claim for race or sex discrimination under any of the cited statutes. To state a plausible claim for relief, a complaint must offer more than legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). Currently, the Complaint offers no information as to the manner of discrimination which Plaintiff allegedly suffered.

Rather, Plaintiff states only that "I believe that these denials [of the requested accommodations] were due to my disability, as well as my age, race, and gender. I am a black woman over the age of 40, and I observed that younger, white male students were given more

academic support and resources that I was." Dkt. 1 at 11 ¶ 8. These bare bones allegations are insufficient. The pleading standards do not require detailed factual allegations, but demand more than "an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has not pleaded factual content that would support an inference that the Defendants are liable for the misconduct alleged. *See Id.*

    IV.    <u>Plaintiff fails to state a claim under the Every Student Succeeds Act ("ESSA").</u>

ESSA is contained in Chapter 70 of 20 U.S.C.S. entitled "Strengthening and Improvement of Elementary and Secondary Schools." That ESSA applies only to primary and secondary schools, not to post-secondary schools such as Liberty, is clear from the Chapter title. *See* 20 U.S.C. §§ 6301 et seq. ESSA also does not provide a private right of action. *See Reaves v. Faulkner,* 2022 U.S. Dist. LEXIS 211055, 10-11 (E.D.N.C. 2022). Accordingly, Plaintiff cannot state a claim under ESSA.

    V.    <u>Plaintiff fails to state a claim for retaliation.</u>

Plaintiff alleges that Liberty denied her accommodations in retaliation for expressing concerns about "outdated citation and grading standards used by the university." Dkt. 1 ¶ 9. Elsewhere she seems to infer that Liberty expelled her in June 2023 in retaliation for filing complaints with the OCR and in federal court regarding Liberty's failure to provide accommodations. Dkt. 1 at 11 ¶ 10. In support, she attaches this Court's opinion in *Lawtone-Bowles v. Liberty University et al.,* No. 6:22-cv-57 (W.D. Va. 2022) (complaint filed on July 6, 2022), and a letter from the OCR regarding a complaint received on May 18, 2022.[4] Plaintiff

---

[4] Plaintiff also attached this Court's opinion in *Lawtone-Bowles v. Liberty University et al.*, No. 6:24-cv-40 (W.D. Va. 2024) (complaint filed 6/16/2024) and letters from the OCR dated July 27, 2023 and March 22, 2024 regarding complaints received on June 28, 2023 and October 3, 2023. As these complaints post-date her expulsion, Plaintiff cannot possibly rely on them as a basis for retaliation.

6

also apparently filed an OCR complaint on October 28, 2022. She essentially claims that Liberty retaliated against her approximately eight to eleven months after she filed these complaints.

The elements of a prima facie case of retaliation are: (1) that plaintiff engaged in protected activity, (2) that she suffered an adverse action, and (3) that the adverse action was causally connected to the protected activity. *Lashley v. Spartanburg Methodist Coll.*, 66 F.4th 168, 173 (4th Cir. 2023). Expressing concerns about "outdated citation and grading standards used by the university" is not protected activity, although complaints about a failure to accommodate under the ADA may be.

However, Plaintiff has not shown a causal connection between the alleged protected activity and the adverse action because there is an eleven month gap between the filing of her first OCR complaint on May 18, 2022 and her June 2023 expulsion. An eight month gap exists between her last complaint on October 28, 2022 and her expulsion. A lengthy time lapse between the "protected activity" and the alleged adverse action negates any inference that a causal connection exists between the two. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998). The longer the time period between the protected activity and the alleged retaliation, the less a court presumes a causal connection. *See Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation.") (citing *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997) (four month lag between protected activity and termination not sufficient to justify an inference of causation). Here, Plaintiff cannot demonstrate the element of causation so her retaliation claim fails.

      VI.    <u>Plaintiff fails to state any claims against the individual defendants.</u>

Plaintiff alleges that the individual defendants "executed" her expulsion from Liberty. Even if this single allegation was factually sufficient to state a claim, which it is not, none of the statutes that Plaintiff has cited create a cause of action against individuals. *See Baird v. Rose*, 192 F.3d 462, 472 (1999); *McCarthy v. Univ. of Virginia Health Sys.,* 2019 U.S. Dist. LEXIS 106696, 6-7 (W.D. Va. 2019) (regarding the ADA and the Rehabilitation Act); *Langadinos v. Appalachian Sch. Of Law,* 2025 U.S. Dist. LEXIS 20958, *17 (W.D. Va. 2025) (dismissing Title VI (racial discrimination) claim and noting that the proper defendant in a Title VI case is an entity rather than an individual); *Armstrong v. James Madison Univ.*, 2017 U.S. Dist. LEXIS 25014, *18 (W.D. Va. 2017) (dismissing Title IX claim as such actions may not be brough against school officials in their individual capacities).

## Conclusion

The Complaint does not state a plausible claim for relief under any of the cited statutes. Accordingly, Defendants' Motion to Dismiss (Dkt. 22) is granted.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum Opinion and Order to Plaintiff and counsel of record for Defendants and to strike this case from the active docket of the Court.

Entered this 12th day of February, 2025.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE